{¶ 69} I respectfully dissent from the majority's decision in Assignment of Error Seven.
 VII {¶ 70} In the Seventh Assignment of Error, the majority concludes the trial court properly awarded prejudgment interest from the date of the accident. I disagree with this conclusion. As this area of the law has evolved, so has my analysis. I find, absent facts specific to the particular incident that would render the date of first notice inapplicable, the date Indiana received first notice of a potential claim should be the date from which prejudgment interest is awarded.
 {¶ 71} Although the trial court sets forth two reasons for awarding prejudgment interest from the date of the accident, the reasons are not specific to the facts of this particular case. In fact, the reasons set forth by the trial court may be applied to any insurance case in which prejudgment interest is requested. I find that in order to award prejudgment interest from the date of the accident, where some type of notice is not provided to the insurer until a significant amount of time has passed, the trial court must find specific facts pertaining to the individual case that would warrant awarding prejudgment interest earlier than the date of first notice.
Therefore, absent facts indicating the date of prejudgment interest should not be the date of first notice, I find the date of first notice triggers the running of prejudgment interest. Further, the method by which the insurer receives notice of the potential claim may be either direct or indirect.[1] In the case currently under consideration, Indiana did not receive notice of the Poulton's claim until August 9, 2000. The accident in this matter occurred on August 3, 1998. Clearly, on the date of the accident, Poulton did not realize he had a Scott-Pontzerclaim as the Ohio Supreme Court's decision in Scott-Pontzerwas not issued until June 23, 1999. However, Poulton waited almost fourteen months after the Court's decision in Scott-Pontzerto put Indiana on notice that he had a potential claim.
 {¶ 72} Therefore, I find the date of first notice, August 9, 2000, should be the trigger date for prejudgment interest. Poulton sets forth no reasons specific to his case that would warrant the award of prejudgment interest on the date of the accident.
 {¶ 73} Accordingly, I would sustain Indiana's Seventh Assignment of Error and award prejudgment interest from the date of first notice which was August 9, 2000.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, in 2002-CA-00038 is affirmed in part and reversed in part.
The judgment of the Court of Common Pleas of Stark County is 2002-CA-00061 is vacated.
Costs to appellant.
[1] Indirect notice applies specifically to the issue of prejudgment interest.